UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/15

------------------------------------------------------------X

ANDRE STEADMAN,                                    :

                           Plaintiff,              :        14cv7495 (VEC) (DF)

          -against-                                :        **REPORT AND
                                                            RECOMMENDATION**

                                                   :

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,            :

                           Defendant.              :
------------------------------------------------------------X

**TO THE HONORABLE VALERIE E. CAPRONI, U.S.D.J.:**

In this action, *pro se* plaintiff Andre Steadman ("Plaintiff") seeks review of the

determination of the Social Security Administration ("SSA"), denying his application for

Supplemental Security Income ("SSI") disability benefits.  Defendant Carolyn W. Colvin, Acting

Commissioner of Social Security ("Defendant" or the "Commissioner") seeks dismissal of

Plaintiff's Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the

ground that Plaintiff has failed to exhaust the administrative remedies provided by the Social

Security Act (the "Act"), and, as a result, this Court does not have jurisdiction over his claim.

For the reasons set forth below, I respectfully recommend that Defendant's motion to dismiss

(Dkt. 11) be granted.

## BACKGROUND[1]

On January 19, 2012, Plaintiff filed an application for SSI with the Social Security

Administration ("SSA") pursuant to Title XVI of the Act.  (*See* Declaration of

---

[1] The following facts are taken from the Complaint and from certain Social Security
Administration documents submitted by Defendant.

Roxie Rasey Nicoll, dated Nov. 3, 2014 ("Nicoll Decl."), Ex. 1 (Disability Determination and Transmittal) (Dkt. 13-1).)  On April 17, 2012, the SSA issued an initial denial of Plaintiff's application, noting that Plaintiff had cerebrovascular disease and organic mental disorders, but finding that he was not disabled through the date of its determination.  (*See id*.)  On May 24, 2012, Plaintiff requested a hearing before an administrative law judge ("ALJ"), stating that he disagreed with the SSA's initial determination because he was "unable to work and under a doctor's care."  (*See* Nicoll Decl., Ex. 2 (Request for a Hearing by Administrative Law Judge ("Request for Hearing")) (Dkt. 13-2).)  In his Request for Hearing, which he signed, Plaintiff provided a mailing address of:  19 Lawrence St., Apt. 1W, Yonkers NY 10705.  (*Id*.)

It appears that a hearing was then scheduled, and that, on February 14, 2013, a Notice of Hearing was sent via first class mail to Plaintiff's Lawrence Street address,[2] advising Plaintiff of the time and place of the hearing and explaining that a failure to appear without good cause could result in a dismissal of the Request for Hearing.  (*See* Order of Dismissal.)  While nothing in the record suggests that Plaintiff did not receive this Notice (*see id*. (noting that the Notice of Hearing was "not returned as being undeliverable and is presumed to have been delivered as addressed")), Plaintiff did not return an enclosed Acknowledgment of Receipt form (*see id*.).   As a result, a second written Notice was apparently sent to him on March 6, 2013 (*see id*.), and, in addition, the Hearing Office apparently attempted – unsuccessfully – to contact Plaintiff by phone on March 18, 2013, to advise him again of the hearing date (*see id.*).

---

[2] Although this Court has not been provided with a copy of the Notice of Hearing, the ALJ's eventual dismissal of that Request states that the Notice was sent to Plaintiff's "last known address" (*see* Nicoll Decl., Ex. 3 (Order of Dismissal dated Mar. 22, 2013 ("Order of Dismissal")) (Dkt. 13-3)), and Defendant's brief asserts that the Notice was sent to Plaintiff's Lawrence Street address (*see* Memorandum of Law in Support of the Commissioner's Motion to Dismiss the Complaint, dated Jan. 5, 2013 ("Def. Mem.") (Dkt. 12), at 2).

The hearing was scheduled for March 22, 2013, but Plaintiff failed to appear, leading ALJ Brian W. Lemoine to issue a decision on that date, dismissing Plaintiff's Request for Hearing.  (*Id.* (dismissing Request for Hearing on the ground that there was "no good cause for the claimant's failure to appear at the time and place of hearing").)  A copy of the Order of Dismissal was apparently mailed to Plaintiff's Lawrence Street address on March 22, 2013.  (*See id.*)  As a result of the dismissal of the Request for Hearing, the April 17, 2012 initial denial of Plaintiff's SSI application remained in effect.  (*Id.*)

On May 21, 2013, Plaintiff, acting through Mario A. Davila (a Social Security disability advocate with Binder & Binder) as his representative, filed a Request for Review of the dismissal with the Appeals Council.  (*See* Nicoll Decl., Ex. 4 (Request for Review) (Dkt. 13-4).)  The Appeals Council denied Plaintiff's Request for Review on July 28, 2014, and sent written notice to the Plaintiff at his Lawrence Street address, stating:

> [W]e considered the reasons you disagree with the dismissal and the additional evidence from the Supreme Court of the State of New York and the Criminal Court of the City of New York – County of New York.  We find that this information does not provide a basis for changing the Administrative Law Judge's dismissal.

(Nicoll Decl., Ex. 5 (Notice of Appeals Council Action) (Dkt. 13-5).)  Although Plaintiff had also submitted medical evidence to the Appeals Council with his Request for Review, the Council determined that that evidence was "not about the dismissal of the request for hearing," presumably because it related to Plaintiff's disability, not to his failure to appear at the hearing.  (*Id.*)  The Appeals Council did state, though, that it would send that evidence to the SSA office in Yonkers, which "would inform the Plaintiff whether the information changes the

determination dated April 17, 2012." [3]  (*Id.*)  Neither party has informed this Court whether the SSA office in Yonkers has since made a further determination regarding Plaintiff's claim, and this Court thus assumes that the matter is still pending in that office.

Plaintiff commenced an action in this Court on September 16, 2014.  (*See* Dkt. 1.)  In his Complaint, Plaintiff stated that he was homeless, but provided a mailing address on Morris Place, in Yonkers.  (*See* Complaint, dated Sept. 5, 2014 ("Compl") (Dkt. 1), ¶ 2.)  Later, in a letter to Defendant's counsel, Plaintiff stated that he had "live[d] on the #2 Train for 5 years," but indicated that, at the time of his letter, he was living on West 108th Street, in Manhattan. (*See* Letter to Joseph A. Pantoja from Plaintiff, dated Feb. 10, 2015 (Dkt. 14).)  Even though, in the context of this case, Plaintiff has thus twice provided contact information that is different from the Lawrence Street address that he provided to the SSA, Plaintiff does not allege that he did not receive the Notices of Hearing or other documents that the SSA apparently sent to that address.

---

[3] In the Notice of Appeals Council Action (Dkt. 13-5), the Appeals Council summarized the information that it had received from Plaintiff, and that it was forwarding to the SSA office in Yonkers:

> We also looked at the medical records from Saint Lukes [sic] Roosevelt Hospital Center from January 14, 2011 through December 20, 2013; a letter from John Sheehan, LMSW, dated May 12, 2014; the Discharge Instructions from Lenox Hill Hospital, dated May 6, 2014; the Laboratory Tests an[d] Imaging Studies from St. Lukes [sic] Emergency Department, dated April 17, 2014; a TWIMC Note from the Medical Clinic, dated April 14, 2014; the medical records from Weiler Hospital, dated April 19, 2014; the Discharge Instructions from Queens Hospital Center, dated December 20, 2013; the Discharge Instructions from Beth Israel Hospital from November 15, 2013; the Discharge Instructions from Mount Sinai Hospital, dated November 15, 2013; the Medical Records from Joe Willie Chamberlin, MD, from May 23, 2012 through May 30, 2013; the Medical Records from FEGS from February 9, 2012 through March 2, 2012; and the Medication List from Stanley Pharmacy, dated May 29, 2012."

(Dkt. 13-5.)

<u>**DISCUSSION**</u>

I.   <u>**APPLICABLE LEGAL STANDARDS**</u>

A.   <u>**Rule 12(b)(1)**</u>

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a case for lack of subject matter jurisdiction.  Such a motion should be granted where "the district court lacks the statutory or constitutional power to adjudicate" the case.  *Navan v. Astrue*, No. 11 Civ. 6732 (DLC), 2012 WL 398635, at *2 (S.D.N.Y. Feb. 8, 2012) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).  Indeed, "[f]ederal courts are courts of limited jurisdiction, and may not preside over cases absent subject matter jurisdiction." *Cherry v. Law Office of Felix Kozak,* No. 11 Civ. 3471 (SJF) (WDW), 2011 WL 4056069, at *1 (E.D.N.Y. Aug. 28, 2011); *see also County of Nassau v. Hotels.com LP,* 577 F.3d 89, 91 (2d Cir. 2009).  Further, "[l]ack of subject matter jurisdiction cannot be waived."  *Cherry,* 2011 WL 4056069, at *1.

When considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept as true all factual allegations in the complaint, and must draw all reasonable inferences in favor of the plaintiff.  *Moses v. Colvin*, No. 13 Civ. 2041 (LGS) (JCF), 2013 WL 5663071, at *2 (S.D.N.Y. Oct. 17, 2013) *report and recommendation adopted sub nom. Moses v. Comm'r of Soc. Sec.*, No. 13 Civ. 2041 (LGS), 2013 WL 6049096 (S.D.N.Y. Nov. 15, 2013). Additionally, where a plaintiff is proceeding *pro se*, courts in the "[Second] Circuit are instructed to construe the pleadings liberally."  *Guerra v. Comm'r of Soc. Sec.*, No. 12 Civ. 6750 (CS) (PED), 2013 WL 3481284, at *2 (S.D.N.Y. July 1, 2013) (adopting report and recommendation) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)).  Unlike on a Rule 12(b)(6) motion (to dismiss for failure to state a claim), however, a court may refer to evidence outside of

the pleadings on a motion brought under Rule 12(b)(1).  *Navan*, 2012 WL 398635, at *2.  Where subject matter jurisdiction is challenged, the plaintiff bears the burden of demonstrating, by a preponderance of the evidence, that jurisdiction exists.  *Id.*

### B.   42 U.S.C. § 405(g)

A district court is vested with subject matter jurisdiction over a Social Security claim only after the claimant has exhausted his administrative remedies and a final decision has been issued by the Commissioner of Social Security.  Under the relevant statute,

> [a]ny individual, after any *final decision* of the Commissioner of Social Security made *after a hearing to which he was a party*, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

To obtain a "final decision" for purposes of Section 405(g), a claimant must exhaust a four-step administrative review process:  (1) an initial determination, in which the SSA decides whether to grant benefits; (2) reconsideration, if the claimant wishes to contest the initial determination; (3) a hearing before an ALJ; and (4) Appeals Council review, if the claimant wishes to contest the ALJ's decision.  20 C.F.R. § 404.900(a); *see also, e.g*, *Moses*, 2013 WL 5663071, at *2 ("Only after a plaintiff has completed these steps and obtained a decision from the Appeals Council will the decision become "final" and potentially eligible for federal district court review."); *Maloney v. Soc. Sec. Admin.*, No. 02 Civ. 1725 (JFB) (SMG), 2006 WL 1720399, at *5 (E.D.N.Y. June 19, 2006) (explaining that a claimant must complete the four steps in order to exhaust the administrative review process), *aff'd,* 517 F.3d 70 (2d Cir. 2008).

In order to satisfy the third step – a hearing before an ALJ – a claimant must be party to an actual hearing on the merits of his case.  Absent a hearing on the merits, a claimant has not

exhausted the administrative review process, and a "final decision" has not been issued, thereby precluding the district court from reviewing the claim.  *See Moses*, 2013 WL 5663071, at *2 ("The Second Circuit interprets Section 405(g) to grant jurisdiction to review an SSA decision only if that decision follows an actual hearing on the merits."); *Califano v. Sanders*, 430 U.S. 99, 108 (1977) ("[42 U.S.C. § 405(g)] clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing.'" (citation omitted)).

Thus, if a request for a hearing is dismissed because the claimant failed to attend the hearing without showing good cause for his absence, the initial disability determination made by the SSA becomes a binding decision, but it is not considered a "final decision" pursuant to 42 U.S.C. § 405(g), such that it may be challenged in the district court.  *Moses*, 2013 WL 5663071, at *2.  *See, e.g., Guerra*, 2013 WL 3481284, at *2 (S.D.N.Y. July 1, 2013) ("Dismissal for failure to appear at the hearing does not constitute a final decision on the merits and consequently cannot be reviewed under 42 U.S.C. § 405(g)." (citing *Milazzo ex rel. Rodriguez v. Barnhart*, No. 05 Civ. 9218 (HB), 2006 WL 2161781, at *1 (S.D.N.Y. Aug. 1, 2006))); *Hatcher v. Barnhart*, No. 06 Civ. 999 (JG), 2006 WL 3196849, at *3 (E.D.N.Y. Nov. 4, 2006) ("[A]n ALJ's dismissal of a disability claim for failure to appear at a hearing . . . [i]s not an agency action subject to judicial review under § 405(g)."); *Plagianos v. Schweiker*, 571 F.Supp. 495, 497 (S.D.N.Y. 1983)) ("Pursuant to the limiting language of 42 U.S.C. § 405(g), to invoke district court review of the agency proceedings there must have been a hearing before the agency to which the claimant was a party, and a rendition of a decision on the merits . . . .").

Section 405(g) is the exclusive remedy for seeking judicial review of a denial of Social Security benefits.  *See* 42 U.S.C. § 405(h) (stating that "[n]o findings of fact or

decision of the Commissioner shall be reviewed by any person, tribunal or governmental agency except as provided herein").

       C.    <u>**Waivers and Exceptions to 42 U.S.C. § 405(g)**</u>

"Although the administrative steps prescribed by the Commissioner of Social Security must be exhausted in order to obtain a final decision, this requirement is waivable by the Commissioner or the court in certain circumstances." *Maloney*, 2006 WL 1720399, at *5. Waiver of the exhaustion requirement may occur when: (1) the claim is collateral to a demand for benefits; (2) the exhaustion of remedies would have been futile; and (3) a plaintiff would suffer irreparable harm if required to exhaust administrative remedies. *See id*. When evaluating the factors for waiver, "[n]o one element is critical to the resolution of the [exhaustion] issue; rather, a more general approach, balancing the competing considerations to arrive at a just result, is in order." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (citing *New York v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990)).

Additionally, if a plaintiff has raised a "colorable constitutional claim" relating to an agency decision, the federal court will have subject matter jurisdiction over the claim, regardless of the plaintiff's failure to attend an administrative hearing. "Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Califano*, 430 U.S. at 109 (1977); *see, e.g*., *Hatcher,* 2006 WL 3196849, at *3 (providing an "exception for the exercise of subject matter jurisdiction pursuant to § 405(g) over 'colorable constitutional claims'"); *Milazzo ex rel. Rodriguez v. Barnhart*, No. 05 Civ. 9218 (HB), 2006 WL 2161781, at *2 (S.D.N.Y. Aug. 1, 2006) (finding the court lacked subject matter jurisdiction over plaintiff's claim where plaintiff did not appear at a benefits hearing and failed to raise a constitutional issue).

## II.     **DEFENDANT'S MOTION TO DISMISS**

Defendant argues that, because Plaintiff failed to appear at his scheduled ALJ hearing to contest the SSA's initial denial of his SSI benefits, Plaintiff failed to exhaust his administrative remedies pursuant to Section 405(g), and this Court lacks subject matter jurisdiction to review Plaintiff's claim.  (*See generally* Def. Mem.)  Under the statutory framework set out above, this argument is persuasive.

Construing the *pro se* pleadings in this case liberally, as this Court is required to do, *see Guerra* 2013 WL 3481284, at *2, it appears that Plaintiff attempted to follow proper SSA procedures.  In that regard, after receiving the initial denial of his SSI claim, Plaintiff properly requested reconsideration and a hearing before an ALJ.  (*See* Dkt. 13-2.)  Nonetheless, by failing to appear at the hearing that was then scheduled – without demonstrating good cause for his absence – Plaintiff failed to exhaust his administrative remedies.

Although, as noted above (*see supra* at n.2), neither party has provided this Court with a copy of the Notice of Hearing that was initially sent to Plaintiff, the ALJ's decision recites that this Notice was mailed to Plaintiff on February 14, 2013 (*see* Order of Dismissal), which was more than one month before the scheduled March 22, 2013 hearing, and that a second copy of the Notice was mailed to Plaintiff on March 6, 2012 (*id.*), more than two weeks before the hearing date.  The ALJ's decision further indicates that the Notice of Hearing advised Plaintiff of the time and place of the hearing (*see id.*), and that the Notice also "contained an explanation of the procedures for requesting a change in the time and place of the claimant's hearing and a reminder that failing to appear at his scheduled hearing without good cause could result in dismissal of the claimant's request for hearing" (*id.*).  Plaintiff's papers are devoid of any suggestion that he did not receive the Notice of Hearing.  Moreover, as he must have received a

copy by mail of the ALJ's dismissal of his Request for Hearing (given that he then timely requested review of the dismissal), it seems unlikely that, during the relevant period, Plaintiff was unable to receive service by mail.

Plaintiff had the opportunity to explain his failure to appear at the ALJ hearing to the Appeals Council.[4]  Yet, although Plaintiff, through his representative, requested review of the dismissal of his Request for Hearing (*see* Dkt. 13-4), he apparently provided no such explanation, instead submitting documentation relating to the merits of his disability claim (*see supra* at n.3).  The Appeals Council then denied Plaintiff's request for review because the information provided by Plaintiff did not "provide a basis for changing the Administrative Law Judge's dismissal."  (*See* Dkt. 13-5.)  By upholding the ALJ's dismissal of Plaintiff's Request for Hearing, the Appeals Council effectively left in place the SSA's initial denial of Plaintiff's request for benefits.  Plaintiff has now asked this Court to review the decision of the ALJ (*see* Dkt. 1), but, at bottom, Plaintiff's claim is for *benefits*, and the ALJ's decision here, which merely dismissed Plaintiff's Request for Hearing, was not a merits-based decision on Plaintiff's entitlement to benefits, rendered after a hearing.  As such, it was not a "final decision" under Section 405(g), capable of being reviewed by this Court.  In other words, Plaintiff did not exhaust his administrative remedies, and, accordingly – absent waiver of the exhaustion requirement – this Court lacks subject matter jurisdiction over his claim.

---

[4] Section 416.1457(b)(1)(ii) of the Code of Federal Regulations provides that, in some instances, before dismissing a request for a hearing, an ALJ must first send a letter to the claimant requesting that the claimant establish good cause for having missed the hearing.  This provision is not applicable here, however, as the Notice of Hearing sent to Plaintiff apparently informed him that his Request for Hearing could be dismissed without further notice, if he failed to appear.  (*See* Dkt. 13-3 (Order of Dismissal); 20 C.F.R. § 416.1457(b)(1)(i).)

Although, as set out above, the exhaustion requirement may be waived under certain circumstances – namely, when a plaintiff's claim is collateral to a demand for benefits, when the exhaustion of remedies would have been futile, and when a plaintiff would suffer irreparable harm if the Court were not to review his claim – "[e]xhaustion is the rule, waiver the exception." *Pavano*, 95 F.3d at 150 (citing *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992)).  Here, the relevant factors weigh against finding waiver.

First, Plaintiff's claim is not collateral to his request for SSI benefits; on the contrary, he is seeking judicial review because he alleges that he is disabled, and that the SSA thus wrongly denied him benefits.

Second, Plaintiff has made no showing that it would have been futile for him to have pursued his administrative remedies fully, prior to commencing this action.  Instead, had he properly exhausted those remedies by appearing at his scheduled hearing, he would have had an opportunity to demonstrate to the ALJ why he should have been awarded benefits.  In addition, if he disagreed with the ALJ's decision on the merits of his claim, he would have had an avenue for administrative appeal.  In contrast, courts have held that exhaustion would have been futile in instances where, for example, a claimant sought to raise an issue that was not within the Commissioner's purview to decide.  *See, e.g., Weinberger v. Salfi*, 422 U.S. 749, 767 (1975) (noting that "a hearing [would] be futile and wasteful, [when] the only issue to be resolved is a matter of constitutional law concededly beyond [the Commissioner's] competence to decide").

The most compelling argument in favor of waiving the exhaustion requirement relates to the third factor – whether Plaintiff would suffer irreparable harm without this Court's review of his claim that he was improperly denied benefits.  Although his current living arrangements are somewhat unclear, Plaintiff has told this Court that he has been homeless (*see* Compl. ¶ 2), that

he lived on a New York City subway train for five years (*see* Dkt. 14), and that, since 2005, he

has suffered from, *inter alia*, "strokes, hypertension, diabetes, [a] neurological disorder,

cerebellar atrophy, [and] bipolar disorder" (*see* Compl. ¶ 4).  Holding Plaintiff to the exhaustion

requirement – which he may no longer be able to meet – could "potentially subject[] [him] to

deteriorating health," *New York v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990), or effectively

leave him without any means to challenge the SSA's initial benefits determination.  It is not

entirely clear, though, that the SSA has even reached a final determination of Plaintiff's benefits

claim, given the Appeals Council's representation that it was passing Plaintiff's additional

medical documentation on to the appropriate SSA office for consideration, and that such

consideration still appears to be pending.

       In any event, the Court's concerns regarding potential "irreparable harm" are not enough

to outweigh the other two factors that the Court must consider.  *Cf. Sullivan*, 906 F.2d at 918

(finding waiver appropriate where all three elements were present); *Crowe v. Heckler,* 614

F. Supp. 1389, 1394 (D. Vt. 1985) (finding that the "scale tips toward waiver of the exhaustion

requirement" where plaintiffs "clearly demonstrated they may suffer irreparable harm" if forced

to exhaust their administrative remedies, *and* their claim was collateral to the demand for

benefits).  Plaintiff has not provided the Court with any case authority – and the Court has found

none through its independent research – where the exhaustion requirement was held to be waived

on a record like that presented here.  In this case, upon balancing all three factors, this Court

concludes that there are insufficient grounds to waive exhaustion.

       Finally, Plaintiff does not present a colorable constitutional claim over which this Court

would have subject matter jurisdiction.  Certainly, he does not challenge the constitutionality of

any of the statutes or regulations applicable to his case, or claim that the SSA neglected to follow

its own stated procedures.  Nor does Plaintiff allege any facts that might suggest good cause for his failure to appear, or raise any other issues that might suggest that he was denied due process, such as the SSA's use of an incorrect address when trying to contact him or an inability to receive service by mail.  Indeed, although Plaintiff has told this Court that, at least for a period of time, he was homeless, he does not allege that his homelessness impacted his ability to appear at the ALJ hearing, or that he did not receive the Notices of Hearing that were reportedly sent to him by the SSA at the mailing address he provided.  Thus, even construing his pleading liberally, this Court can perceive no constitutional basis for exercising jurisdiction over his case.  *See Guerra*, 2013 WL 3481284, at *4 (on facts similar to those presented in this case, finding no colorable constitutional claim where plaintiff "does not challenge the SSA's policies or regulations, argue that the SSA failed to comply with its own procedures in considering her claim for benefits, or offer any reason that she did not receive the [hearing] notice – such as an incorrect address or problems with her mail service – that might suggest good cause for having failed to appear and an attendant lack of due process" (citations omitted)).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that the Commissioner's motion (Dkt. 11) be granted and that the Plaintiff's Complaint be dismissed in its entirety, without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6 (allowing three (3) additional days for service by mail). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Valerie E. Caproni, United States

Courthouse, 40 Centre Street, Room 240, New York, New York 10007, and to the chambers of

the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York

10007.  Any requests for an extension of time for filing objections must be directed to

Judge Caproni.  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL

RESULT IN A WAIVER OF OBEJCTIONS AND WILL PRECULDE APPELLATE REVIEW.

*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d

1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v.

Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d

Cir. 1983).)

If Petitioner does not have access to cases cited herein that are reported only on Westlaw,

he may request copies from Defendant's counsel.  (*See* Local Civ. R. 7.2 ("Upon request,

counsel shall provide the *pro se* litigant with copies of [cases and other authorities cited therein

that are unpublished or reported exclusively on computerized databases] as cited in a decision of

the Court and were not previously cited by any party.").)

Dated:  New York, New York
      April 23, 2015

                                    SO ORDERED

                                    DEBRA FREEMAN
                                    United States Magistrate Judge

Copies to:

Hon. Valerie E. Caproni, U.S.D.J.

Mr. Andre Steadman
Valley Lodge
149 West 108th Street
New York, NY 10025

Defendant's counsel (via ECF)